**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Howard Mason BIRRELL, Defendant-Appellant.**

**No. 24403.**

United States Court of Appeals Ninth Circuit.

Jan. 21, 1970.

Philip N. Andreen (argued), Federal Defenders, San Diego, Cal., for defendant-appellant.

Shelby R. Gott (argued), Asst. U. S. Atty., Edwin L. Miller, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before MERRILL and ELY, Circuit Judges, and CROCKER,* District Judge.

## PER CURIAM.

Appellant stands convicted of the crime of interstate transportation of a stolen motor vehicle. 18 U.S.C. § 2312. His defense in part was insanity. Arguing to the jury, counsel for appellant stressed evidence supporting appellant's contention that he was unable to conform his conduct to the requirements of law.

Government counsel, in his closing argument to the jury, responded to appellant's argument with frequent references to appellant's extensive record of car thefts and his homosexual proclivities,[1] and urged the jury, because of these facts, not to "turn him loose on society."[2] Appellant's motion for mistrial was denied.

This requires reversal under Evalt v. United States, 359 F.2d 534, 544 (9th Cir. 1966). As in *Evalt*, the argument was fundamentally unfair in inviting the jury to convict even though it might believe that appellant was insane. Even more unfairly, it invited conviction irrespective of innocence of the crime charged, upon the ground that appellant was a homosexual.

* Honorable M. D. Crocker, United States District Judge for the Eastern District of California, sitting by designation.

1. Appellant was arrested by state police for the crime of sodomy. Statements of appellant at the time of arrest and material obtained in a search of his car incident to that arrest led to his indictment for the federal crime here involved. Institutional records of psychological studies of appellant, introduced in support of his defense of insanity, dealt with his sexual deviation.

2. "Now this man was released on parole. Now do you think this young man [complainant on the state crime] should have to put up with people like this?
   * * * He wants out with boys like this right here today. Now think about that a little bit. Just think of the results, if you do what [defense] counsel wants you to do.
   * * * Are you going to turn him loose because he is a thief and a homosexual? No, put him back where he belongs, not out here on society. And that is what [defense] counsel wants you to do. Let's let him out again—let him out again, you see. But he doesn't belong out and, unfortunately, there is absolutely no prognosis whatsoever, that this man will ever change. He will be a homosexual and a car thief and a credit card thief for the rest of his natural life.
   * * *
   So you are not going to acquit him and you are not going to turn him loose on society."

One further assignment of error deserves comment in the light of our remand. Appellant appears to have made out a prima facie case of the existence of a Jencks Act statement. While the Government's response to a motion to produce suggested that there was no such statement, it did so by indirection and without any attempt to locate the agent who had interrogated the witness under examination. Without more it would appear that identifying testimony of the witness should have been stricken.

Reversed and remanded for new trial.