**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-60331
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD ALLEN HAWLEY, also known as Rick Hawley,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
(CR-123-1-D)

March 1, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Richard Allen Hawley ("Hawley") appeals from the district court's denial of a motion to dismiss the jury panel as well as his motion in limine for individual voir dire of the jury. Because we find that the district court did not err in denying the motions, we affirm.

---

[*] Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

On November 18, 1999, a grand jury indicted Hawley on one count of knowingly traveling in interstate commerce for the purpose of engaging in a sexual act with a minor in violation of 18 U.S.C. § 2423(b). The facts are undisputed, and Hawley admits that he met 15-year-old A.B. ("A.B.") over the Internet, he drove from Missouri to Mississippi where he picked A.B. up from his high school, and they subsequently engaged in sexual acts.

At the beginning of voir dire, the district court questioned the jury panel regarding its ability to give Hawley a fair trial in light of his statements that he is an openly homosexual man. The district court also queried the panel regarding any potential conflicts between Hawley's statements and the panel's religious beliefs or moral scruples in giving Hawley a fair trial. The government similarly asked the veniremembers whether they could be impartial in light of the trial court's questions. Four jurors expressed their inabilities to be impartial because of Hawley's sexual orientation, and the trial court later excused them from the panel.

Shortly thereafter, defense counsel asked whether there were any "Bible-believing Christians" amongst the jurors, to which many jurors responded in the affirmative. Counsel then asked the jurors whether the veniremembers, as Christians, had any problems with chapter 20, verse 13 in the Old Testament book of Leviticus in the Bible that states, "If a man lies with a man as with a woman, they both should be put to death." No juror raised his hand in response to defense counsel's question. Counsel next asked whether each juror who identified himself as a Bible-believing Christian, would believe "that the proper treatment for a Sodomite, for a man who lies with another man as a woman, is death." Defense counsel then terminated his questions. The trial court subsequently asked the remaining jurors whether, in light of defense counsel's queries, they could "listen to the evidence and

base any decision" they rendered "solely on the law and the evidence as it is presented to you in this trial."

The jury later found Hawley guilty. He filed a motion for a new trial under FED. R. CRIM. P. 33 and for a judgment of acquittal under FED. R. CRIM. P. 29(c) based on his belief that the jurors were biased against him because he is homosexual. The district court denied both motions. It stated that it had taken "every precaution possible to insure that a fair and impartial jury was selected to try [the] case." Hawley was sentenced to 18 months' imprisonment, three years' supervised release, and a $1,000 fine. He now appeals.

## DISCUSSION

I.      Motion to Dismiss Venire

Hawley argues that the district court erred when it denied his motion to dismiss the jury panel based on its responses to defense counsel's question regarding the book of Leviticus and the panel's Christian beliefs. He contends that the veniremembers' responses indicated that they were biased against homosexuals. He argues, as a result, that he was denied a trial by a fair and impartial jury in violation of the Sixth Amendment. U.S. CONST. amend. VI. "[A]bsent an abuse of discretion, [this Court] defer[s] to the judgment of the district court as to the conduct and scope of voir dire." United States v. Rodriguez, 993 F.2d 1170, 1176 (5th Cir. 1993).

Hawley cites United States v. Gillespie, 852 F.2d 475, 482 (9th Cir. 1988), as supporting authority for this argument. Gillespie held that the admission of evidence that the defendant was a homosexual was reversible error because such evidence was extremely prejudicial and irrelevant to the crime with which he was charged. See also United States v. Birrell, 421 F.2d 665, 666 (9th Cir.

3

1970) (reversing a conviction for interstate transportation of a stolen motor vehicle due to the prosecutor's statements urging the jury to convict the defendant because he was homosexual).

In contrast to the instant case, however, Gillespie and Birrell involved the unforeseen admission of the defendants' sexual orientation in the trial that may have prejudiced the jury against the defendants. Here, defense counsel clearly alerted the veniremembers regarding Hawley's homosexual status. The voir dire was consequently directed specifically at choosing jurors who would not be biased against Hawley because of his sexual orientation.

Here, however, there is no evidence that the jury panel was so prejudiced by Hawley's homosexuality that it could not render a fair and impartial verdict. Indeed, the veniremembers were questioned four times in total regarding any potential biases. The trial court asked the jury members two times whether their religious beliefs would interfere with their ability to render a verdict commensurate with Hawley's Sixth Amendment rights. It excused four jury members who acknowledged their inability to be impartial as a result of Hawley's sexual orientation. The remaining jurors, however, responded affirmatively that despite their religious convictions, they could nonetheless remain impartial. It is thus apparent that the trial court did not abuse its discretion in denying Hawley's motion to dismiss the jury panel because the court took the necessary precautions to insure a fair and impartial jury.

II.    Individual Voir Dire

Hawley similarly contends that the trial court violated his Sixth Amendment right to a fair and impartial jury when it denied his motion in limine to conduct an individual voir dire. He asserts that the district court's rehabilitative question following defense counsel's questions regarding the veniremembers' religious beliefs was insufficient to determine whether they could be fair and

4

impartial. He argues, therefore, that the court should have conducted an individual voir dire of the venire in order to determine the jurors' biases accurately.

Because this issue involves the "district court's determination of the scope and method of jury voir dire," we review for abuse of discretion. Rodriguez, 69 F.3d at 1176. However, "[t]he district court's discretion includes the decision whether jurors should be questioned collectively or individually." United States v. Beckner, 69 F.3d 1290, 1291 (5th Cir. 1995) (citation omitted). An abuse of discretion exists "when there is insufficient questioning to allow defense counsel to exercise a reasonably knowledgeable challenge to unqualified jurors." Id. (citation omitted).

The instant facts indicate that the jurors who were not excused for cause expressed accord with defense counsel's questions regarding the book of Leviticus quote, but they also indicated that they could be fair and impartial towards Hawley. Moreover, Hawley has not shown that the district court's failure to conduct an individual voir dire deprived him of the ability to exercise a reasonably knowledgeable challenge to unqualified jurors in accordance with Beckner. For instance, defense counsel did not attempt to question the veniremembers further during voir dire regarding their alleged biases against homosexuals. Thus, the district court did not abuse its discretion in denying Hawley's motion for individual voir dire.

## CONCLUSION

We AFFIRM the district court's denial of Hawley's motions to dismiss the jury venire and to conduct individual voir dire.

AFFIRMED.